## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
MICHAEL C. BURNS,              :
                              :    Civil Action No. 09-5072 (NLH)
          Petitioner,         :
                              :
          v.                  :    OPINION
                              :
ERIC TAYLOR, WARDEN,          :
                              :
          Respondent.         :
```

**APPEARANCES:**

> **MICHAEL C. BURNS**, Petitioner pro se
> #224306
> Camden County Correctional Facility
> P.O. Box 90431
> Camden, New Jersey 08103

**HILLMAN**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Michael C. Burns ("Burns"), on or about October 2, 2009. For the reasons set forth in this Opinions at Section II.B., infra, the Court will construe this petition as a pretrial writ of habeas corpus under 28 U.S.C. § 2241(c)(3). The sole respondent is the Warden, Eric Taylor, of the Camden County Correctional Facility.

### I.  BACKGROUND

According to the allegations contained in the petition, Burns alleges that he has been confined at the Camden County Correctional Facility ("CCCF"), in lieu of bail on Warrant #2009-106-0418, since July 15, 2009.  (Petition at ¶¶ 1-3).  He claims that he has not been given a probable cause hearing, or any other

preliminary hearing with the exception of a bail motion. (Pet., ¶¶ 4-5). Burns states that, on July 25, 2009 and September 8, 2009, he "put forth a demand for probable cause hearing", which has gone unanswered. (Pet., ¶¶ 6-7). On August 29, 2009, Burns had filed a motion in state court to proceed as a pro se litigant. On September 10, 2009, Burns was informed by the Public Defender's Office that his motion to proceed pro se would not be heard until Burns was indicted. (Pet., ¶¶ 8-9).

Burns argues that he has no other recourse to have a probable cause hearing. He asks this Court to "hold a preliminary hearing," and release petitioner from custody. Construing the petition liberally for petitioner, it would appear that Burns is asserting that (a) he was denied due process, and that (b) he was denied his right to a speedy trial, with respect to the alleged delay by the state criminal court in holding a probable cause hearing.

## II. ANALYSIS

### A. Standards for Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Burns brings his habeas petition as a <u>pro se</u> litigant.  A <u>pro se</u> pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A <u>pro se</u> habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief.  <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989).

B. <u>Jurisdiction</u>

Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3).  <u>See</u> <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973); <u>Moore v. DeYoung</u>, 515 F.2d 437, 442, 443 (3d Cir. 1975).  To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: (1) the status requirement that the person be "in custody," and (2) the substance requirement that the petition challenge the legality of that custody on the ground

that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed.2001).

Addressing whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the United States Court of Appeals for the Third Circuit has held:

(1)  federal courts have "pre-trial" habeas corpus jurisdiction;

(2)  that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3)  where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore, 515 F.2d at 443.

Here, it appears that Burns is seeking to invoke his right to a preliminary or probable cause hearing in a state criminal proceeding.  He also appears to invoke his right to a speedy trial in that he wants to have an immediate probable cause hearing.  Burns has not alleged that he has exhausted his state remedies in this regard.  Nor does Burns allege any "extraordinary circumstances" that would justify intervention by a federal court.  See Moore, 515 F.2d at 445-46 (there is nothing

4

in the nature of the speedy trial right that qualifies it as a per se "extraordinary circumstance").

Therefore, given the complete absence of any "exceptional circumstances" that would justify federal intervention in Burns's pending state proceedings, this Court finds that the petition must be dismissed at this time.

C.  Exhaustion Analysis

Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism." Moore v. DeYoung, 515 F.2d at 442.  Nevertheless, while this Court has jurisdiction under § 2241 to entertain a pretrial habeas petition, relief is not warranted where "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to state criminal charges prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (quoting Ex Parte Royall,117 U.S. 241, 253 (1886)).

In Moore v. DeYoung, supra, a New Jersey pretrial detainee filed a habeas petition in this federal district court asserting denial of the right to a speedy trial and seeking discharge from custody and an injunction against New Jersey criminal proceedings.  The district court granted pretrial habeas relief, however, the United States Court of Appeals for the Third Circuit

reversed on the grounds that the petitioner had not exhausted the

merits of his speedy trial claim before the New Jersey courts,

and the alleged denial of a speedy trial is not an extraordinary

circumstance warranting pretrial habeas relief.  Moore, 515 F.2d

at 447.  As to exhaustion, the Court of Appeals found that:

> Moore did not exhaust his state court remedies prior to
> application for federal habeas corpus relief.  This issue is
> still available to Moore as an affirmative defense at trial
> and thereafter, on appellate review.  Indeed, the trial
> court expressly recognized that additional evidence as to
> prejudice on the issue of delay could be adduced at trial.

Id. at 445.

The Court of Appeals expressly rejected the petitioner's

argument that the constitutional right to a speedy trial is an

extraordinary circumstance which bars not only a conviction for

the underlying offense but a trial for that offense, finding that

> From the premise that he has a right not to stand trial,
> Moore proceeds to the conclusion that, to avoid the
> threatening state trial, there must be some pre-trial forum
> (if not a state forum, then a federal forum) to test the
> merits of his constitutional claim. Otherwise, he argues, he
> would be required to undergo the rigors of trial to
> vindicate his claim that the state court can no longer bring
> him to trial....
>
> We are not prepared to hold that either the chronology of
> events leading to this prosecution or the alleged denial of
> Moore's right to a speedy trial, constitutes such
> "extraordinary circumstances" as to require federal
> intervention prior to exhaustion of state court remedies. We
> perceive nothing in the nature of the speedy trial right to
> qualify it as a per se "extraordinary circumstance."  We
> know of no authority, either pre- or post- Braden, supra,
> that excepts or singles out the constitutional issue of
> speedy trial as an extraordinary circumstance sufficient to
> dispense with the exhaustion requirement.  To the contrary,
> the cases in which the speedy trial claim has been raised in

a pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts.

Id. at 446.

The Court of Appeals accordingly reversed the order granting pretrial relief to Moore.  "Moore having failed to exhaust his state remedies on the merits and having failed to present an 'extraordinary circumstance' which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting Moore's petition." Id. at 447.

Here, Burns essentially argues that the State of New Jersey has violated his speedy trial rights under the United States Constitution by failing to hold a probable cause hearing in a timely manner, as well as his right to due process under the Fourteenth Amendment.  The Sixth Amendment of the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ..." U.S. Const. amend. VI.  However, the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all."  United States v. MacDonald, 435 U.S. 850, 861 (1978).

This Court need not determine whether the State of New Jersey violated the Fourteenth Amendment or the Sixth Amendment Speedy Trial Clause because Burns has not exhausted the merits of

7

his speedy trial and due process claims as asserted in his petition before the New Jersey courts.  As the Court of Appeals explained in Moore,

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts.  Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-97 (7th Cir.1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-27 (5th Cir.), cert. denied, 484 U.S. 956 (1987); Atkins v. State of Michigan, 644 F.2d 543, 545-47 (6th Cir.), cert. denied, 452 U.S. 964 (1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U .S. 1014 (1980).

Burns has an opportunity to litigate his claim in state court that there was no probable cause for his arrest. Therefore, because Burns has failed to exhaust this claim as well as the associated speedy trial and due process claims before the New Jersey state courts, habeas relief is not warranted under § 2241 on these grounds, and the petition will be dismissed without prejudice.

Moreover, to the extent that Burns is a convicted prisoner, which he clearly is not as admitted in his petition, his claims

would be construed as an attack on his state court conviction, which is actionable under 28 U.S.C. § 2254.  Section 2254 habeas petitions require exhaustion of state court remedies before proceeding in federal court.  Here, it is apparent from the face of the petition, and petitioner's admission, that he has not been convicted or sentenced.  Moreover, Burns has not demonstrated that there is an absence of available state corrective processes before proceeding in this federal court.  See 28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001).  Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose, 455 U.S. at 516-18, and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1217 (April 24, 1996).  The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v.. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

III.   <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that this Court was correct in its procedural ruling that Burns has failed to exhaust his state remedies and that he has not alleged facts demonstrating "extraordinary circumstances" that would

justify pretrial intervention in Burns' pending state criminal matters.  Accordingly, no certificate of appealability will issue.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the petition for habeas relief under either 28 U.S.C. § 2241 or § 2254 will be dismissed without prejudice.  This Court makes no determination as to the merits of petitioner's claims.  No certificate of appealability will issue. An appropriate Order follows.


  /s/ NOEL L. HILLMAN
NOEL L. HILLMAN
United States District Judge

DATED: October 7, 2009

At Camden, New Jersey

11